JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Victoria Archer
1000 Butler Street
Chester, PA 19103

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

## DEFENDANTS
Lisette Home Care Services
2211 Chichester Avenue, Suite 104
Boothwyn, PA 19061

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 215
Brief description of cause:
Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 12/11/17
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Victoria Archer                                    :         CIVIL ACTION
                    v.                             :
Lisette Home Care Services                         :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.         ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                     (✓)


12/8/17             Graham F. Baird            Victoria Archer
**Date**            **Attorney-at-law**         **Attorney for**

267-546-0131        215-944-6124              grahamb@ericshore.com

**Telephone**       **FAX Number**             **E-Mail Address**


(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1000 Butler Street, Chester, PA 19103

Address of Defendant: 2211 Chichester avenue, #104, Boothwyn PA 19061

Place of Accident, Incident or Transaction: _____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(*Check Appropriate Category*)
I, Graham F. Baird, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 12/8/17        _____        92692
                     Attorney-at-Law                  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/8/17        _____        92692
                     Attorney-at-Law                  Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA ARCHER<br>1000 Butler Street<br>Chester, PA 19103<br><br>    Plaintiff,<br><br>v.<br><br>LISETTE HOME CARE SERVICES<br>2211 Chichester Avenue, Suite 104<br>Boothwyn, PA 19061<br><br>    Defendant | JURY DEMANDED<br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Victoria Archer (hereinafter "Plaintiff"), is an adult individual residing at the above address.

2. Defendant, Lisette Home Care Services, LLC, is a limited liability company organized by and operating under the laws of the Commonwealth of Pennsylvania and having a corporate headquarters at the above captioned address.

3. This action is instituted pursuant to the Fair Labor Standards Act and the Pennsylvania Wage Payment and Collection Law.

4. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

5. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

6. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the

acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II. Operative Facts.

7. On April 6, 2016, Plaintiff was hired by Defendant as a staffing coordinator.

8. Plaintiff was hired to work four (4) days a week which included being "on-call" after hours for those days.

9. In or around November of 2016, Plaintiff was asked to cover additional "on-call" days, following the death of a co-worker who had previously handled those days.

10. As compensation for taking on the additional "on-call" days, Plaintiff was to have been paid twenty-five dollars ($25.00) a day for each day she was on call.

11. Plaintiff's pay check for the pay period following this change accurately reflected her additional pay.

12. On December 16, 2016, Plaintiff received her paycheck, and noticed that her pay amount was back to her original pay, although she was still covering the additional "on-call" days.

13. As a result of the pay discrepancy, Plaintiff requested a meeting with Sue Yulea, the Defendant's owner, and Ashley Bowven, Human Relations specialist, to discuss the pay issue.

14. On December 20, 2016, Plaintiff met with Ms. Yulea and Ms. Bowven.

15. During this meeting, Plaintiff supplied her pay stubs to show that she was being paid incorrectly.

16. Ms. Yulea stated that they would not be paying her for the extra on-call days.

17. Plaintiff explained that she had agreed to be on call for six (6) days instead of the four (4) for which she was hired under the assumption that she would be compensated for it.

18. Plaintiff also informed both Ms. Yulea and Ms. Bowven that their refusal to pay Plaintiff for hours she was "on call" and working was illegal.

19. Nevertheless, Ms. Yulea remained steadfast that Defendant would not be paying Plaintiff anything beyond her previously issued paycheck, although Defendant expected her to continue being on call for the additional days.

20. Approximately thirty (30) minutes following this meeting, Plaintiff was approached by Ms. Bowven.

21. Ms. Bowven stated they would be terminating Plaintiff's employment.

22. Plaintiff had no prior issues, complaints about her work or write-ups.

23. Ms. Bowven further requested Plaintiff continue to work through January to provide them with coverage, which Plaintiff declined.

24. Defendant refused to compensate Plaintiff for her additional work as agreed.

25. Defendant terminated Plaintiff in retaliation for questioning her pay discrepancy.

### III. Causes of Action.

#### COUNT I
#### VIOLATION OF THE FAIR LABOR STANDARDS ACT
#### (29 U.S.C. §215)

26. Plaintiff incorporates paragraphs 1-25 as set forth above as if fully set forth at length herein.

27. Beginning in November of 2016, Plaintiff was required to work additional on-call hours outside of the hours she had been hired to do.

3

28. Beginning in December of 2016, Plaintiff became aware that she was not being paid for these additional hours.

29. As set forth above, Plaintiff complained that she was not lawfully being compensated in accordance with legal requirements given the amount of hours she was expected to work.

30. In retaliation for making this complaint and for requesting she be paid what she was owed, Defendant terminated Plaintiff's employment.

31. Defendant's refusal/failure to pay both overtime compensation and other wages for work performed are willful violations of the FLSA.

32. Defendant's termination of Plaintiff's employment in retaliation for making and complaint is a willful violation of the FLSA.

33. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages, including but not limited to economic loss, including but not limited to: lost opportunity, lost future earning capacity, lost wages, lost benefits, great mental and emotional distress, pain and suffering and other damages to be claimed at the time of trial.

34. Defendant's aforementioned conduct was malicious, willful and wanton and as such, Plaintiff is entitled to punitive damages.

35. Based on Defendant's aforementioned conduct, Plaintiff makes a claim for attorneys fees and costs of suit.

### COUNT II
### VIOLATION OF THE WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260 et seq.

36. Plaintiff incorporates the paragraphs set forth above as if fully set forth at length herein.

37.  As set forth above, Defendant has failed to pay Plaintiff's wages (as defined in 43 P.S. § 260.2a) despite Plaintiff's reasonable demand to do so.

38.  As a direct and proximate cause of Defendant's failure to pay wages, Plaintiff has suffered economic loss.

39.  As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages, including but not limited to economic loss, including but not limited to: lost opportunity, lost future earning capacity, lost wages, lost benefits, great mental and emotional distress, pain and suffering and other damages to be claimed at the time of trial.

40.  Defendant's aforementioned conduct willful and as such, Plaintiff is entitled to liquidated damages.

41.  Based on Defendant's aforementioned conduct, Plaintiff makes a claim for attorneys fees and costs of suit.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff, Victoria Archer demands judgment in her favor and against Defendant, Lisette Home Care Services, LLC together in a sum greater than $500,000.00, including:

A.  Compensatory damages, including but not limited to: lost opportunity, lost future earning capacity, lost wages, lost benefits, injury to reputation, great humiliation, mental and emotional distress, pain and suffering, personal injury, medical bills;

B.  Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

                                                **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                                BY: _____
                                                **GRAHAM BAIRD, ESQUIRE**
                                                Two Penn Center
                                                1500 JFK Boulevard, Suite 1240
                                                Philadelphia, PA 19110

                                                Attorney for Victoria Archer

Date: December 8, 2017

6